NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JULIO ENRIQUE NEVAREZ-LABOY, *Appellant.*

No. 1 CA-CR 20-0291
FILED 4-20-2021

Appeal from the Superior Court in Maricopa County
No. CR 2018-162236-001
The Honorable Susanna C. Pineda, Judge

**AFFRIMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Bain & Lauritano, Glendale
By Amy E. Bain
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Julio Enrique Nevarez-LaBoy ("Defendant") was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Defendant, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2        On December 23, 2018, an asset protection manager ("the manager") for a large department store was monitoring surveillance footage when he noticed Defendant leaving the store with two tool sets. The manager found this unusual because the item is expensive and people typically do not buy two at the same time. Defendant then re-entered the store, and the manager started to follow him in person. The manager observed Defendant carrying two more tool sets out of the store, one at a time, and did not pay for either one. Security footage showed Defendant exiting the store with a total of eight tool sets and placing them in his van.

¶3        Through surveillance cameras, the manager observed Defendant change his shirt, relocate his vehicle, and then enter the store. Police officers arrived and waited by Defendant's van until he exited the store carrying a ninth tool set.

¶4        The officers arrested Defendant at the scene and read him his *Miranda* rights. After obtaining a search warrant, the officers searched Defendant's van and recovered eight tool sets (in addition to the ninth tool set Defendant was carrying when arrested) and over 30 pairs of jeans. When questioned, Defendant told police he had made a mistake and he did not have a receipt. Defendant later admitted to police he obtained the jeans from the same department store on the day he was arrested. Defendant

explained that he planned to sell the tool sets and jeans, and he chose that store because he thought it would be staffed with fewer employees.

¶5        After the incident, the manager reviewed more surveillance footage. He saw Defendant enter the store and leave with two large plastic bags that appeared to be full, and then repeated the same conduct. The manager confirmed there were no sales on any of the jeans Defendant had taken from the store. The manager also testified that the tools cost $459.99 per set, and the pants were $59.50 each for 28 pairs of jeans, and $69.50 each for the other 5 pairs of jeans.

¶6        The State charged Defendant as follows: (1) one count of theft, with property valued at $4,000 or more but less than $25,000 in violation of A.R.S. § 13-1802, a class 3 felony, and (2) one count of organized retail theft in violation of A.R.S. § 13-1819, a class 4 felony. After failing to appear at a pretrial conference, the court issued a warrant for Defendant's arrest, and the trial was held in absentia. The jury convicted Defendant on both counts.

¶7        Around March 2020, Defendant was caught with narcotics, taken into custody, and pled guilty on the new drug possession charge. The superior court sentenced Defendant to 3.5 years on the theft charge and 2.5 years on the organized retail theft charge. Those two convictions were then considered prior historical felony convictions for purposes of sentencing on the drug possession charge, and the court sentenced Defendant to the presumptive term of 10 years. The court ordered each of the sentences to run concurrently, with credit for 58 days of presentence incarceration. Defendant timely appealed.

¶8        After a thorough review of the record, we find no reversible error, *Clark*, 196 Ariz. at 541, ¶ 50, except as noted, *infra* ¶ 9. Defendant was not present for the trial; however, his absence from trial was voluntary, as he was properly advised of the need to appear at all scheduled hearings and warned of the consequences if he failed to do so. *See* Ariz. R. Crim. P. 9.1. (stating that a "defendant's voluntary absence waives the right to be present at any proceeding," and "[t]he court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence.").

¶9        Defendant was represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in

compliance with the Arizona Rules of Criminal Procedure and the Defendant's constitutional and statutory rights. Accordingly, we affirm Defendant's convictions and sentences, except we vacate the portion of the sentencing order requiring Defendant to pay the cost of DNA testing. *See State v. Reyes*, 232 Ariz. 468, 472, ¶ 14 (App. 2013) (finding no statutory basis to order a defendant to pay DNA testing cost).

**¶10** Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are fulfilled once she informs Defendant of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Defendant has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA